Slip Op. 01-<u>29</u>

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| SWISHER INTERNATIONAL, INC. , | : | |
| Plaintiff, | : | No. 95-03-00322 |
| v. | : | |
| THE UNITED STATES, | : | |
| Defendant. | : | |

## ORDER FOR HMT CLAIMS RESOLUTION AND REFUND PROCEDURE

This Order addresses cases currently pending in this court in "<u>Swisher</u>-type" cases. A "<u>Swisher</u>-type" case is one in which refund requests were made on constitutional grounds and denied by Customs, a protest was filed against such denial, and the administrative prerequisites were otherwise met for this court to exercise its protest jurisdiction under 28 U.S.C. § 1581(a). Having considered the parties' proposal for a claims resolution plan for such suits to recover unconstitutionally exacted Harbor Maintenance Tax (HMT) under the court's protest jurisdiction, the court hereby **ORDERS:**

## TABLE OF CONTENTS

1.   Claims Resolution Plan for HMT on Exports

2.    Harbor Maintenance Tax Payment Report

3.    HMT Refund Report and Certification

4.    Model Judgment

## A.    Claims Resolution Plan for HMT on Exports

### Overview

The court orders immediate refund of HMT on exports, plus interest

pursuant to 28 U.S.C. § 2644, for payments received by Customs as to which refund

requests were made on constitutional grounds and denied by Customs, a protest

was filed against such denial, and the administrative prerequisites were otherwise

met for this court to exercise its protest jurisdiction under 28 U.S.C. § 1581(a). As

provided in the attached judgment form, a subsequent payment will be made for

pre-summons interest if such interest is finally determined to be owed in HMT

refund suits.

### 1.    Claims Procedure

Plaintiffs in Swisher-type cases will make refund claims by submitting their

names, together with the docket numbers of their complaints brought under 28

U.S.C. § 1581(a), to Customs (NOT THE COURT) at

U.S. Customs Service
HMT Refund Claim Forms
P.O. Box 68940
Indianapolis, IN 46268

Such submissions shall be governed by the terms of this Order whether submitted to Customs before or after the date of this Order.

### 2.    Customs' HMT Payment Report

Following submission of a claim by a plaintiff, Customs will search its records for information on HMT export payments for that plaintiff. Customs will generate a Harbor Maintenance Tax Payment Report ("Payment Report") (copy attached), listing all the payments shown in Customs' records. The Payment Report will cover all export HMT payments contained in Customs' database.[1] Customs does not warrant that a refund is owed for all amounts listed. Customs shall transmit each Payment Report to the relevant plaintiff. All Payment Reports generated after the date of this Order shall be transmitted to the relevant plaintiff at the same time that Customs transmits the associated HMT Refund Report and Certification described in paragraph A.3 below.

### 3.    Customs' HMT
### Refund Report and Certification

After Customs has completed the Payment Report for a plaintiff as described above, Customs will generate and transmit to the relevant plaintiff a HMT Refund Report and Certification (see attached). This Refund Report shall reflect all export

---

[1] Customs will perform this review based upon the claim and without submission of documentation by plaintiffs.

HMT payments (not previously refunded) for which Customs has reasonably concluded that there is adequate documentation demonstrating that the plaintiff is entitled to a refund. Customs shall not conclude that evidence is insufficient solely on the ground that its records do not include a Quarterly Summary Report (Form CF349) for the relevant calendar quarter where otherwise adequate documentation exists.

4.    **Plaintiffs' Review and Certification**

A plaintiff will review Customs' information shown in the Refund Report form, and if the information is not disputed, will receive refunds for the specified amounts, plus interest pursuant to 28 U.S.C. § 2644. If it is satisfied with the payments listed in the Refund Report, the plaintiff will certify on the same form that it believes it is entitled to a refund in the amount specified. If the plaintiff believes that the amount listed for a particular calendar quarter is too high, it shall correct that amount and the total refund listed and execute the Certification.

5.    **Entry of Judgment**

After executing the Certification, plaintiff will fill out and sign a judgment form (see attached) with the Certification attached and return the form to the Department of Justice for signing and filing with the court. The judgment should include a schedule listing all complaints related to the refunds. No separate order

of consolidation is required. After receipt of the judgment form from plaintiff, defendant will have 11 days to file the judgment with the court.

### 6.    Payment

Not later than 30 days after the court signs the judgment, Customs will refund the certified amount, care of the plaintiff's attorney. Interest will be paid on the refund, pursuant to 28 U.S.C. § 2644, within 60 days after the court signs the judgment.

### 7.    Schedule for Processing Refunds

#### a.    Claims for Which Customs Has Issued a Payment Report, but no Refund Report, as of the Date of this Order

As of the date of this Order, Customs already has issued some Payment Reports to some plaintiffs but has not issued any associated Refund Reports that could serve as the basis for the Certification and judgment. Following entry of this Order, Customs' first priority in processing refunds shall be to complete Refund Reports for these previously issued Payment Reports. The court expects Customs to complete all such Refund Reports and transmit them to the relevant plaintiffs within 30 days after entry of this Order.

b.     **Claims Submitted to Customs Before the Date
of this Order for Which Customs Has Not Issued
Either a Payment Report or a Refund Report**

As of the date of this Order, numerous plaintiffs have submitted claims to

Customs (as described in paragraph A.1 above) for which Customs has not issued

either a Payment Report or a Refund Report.  Immediately following issuance of all

Refund Reports described in paragraph A.7.a above, Customs shall begin processing

these other previously submitted claims.  Customs shall process all previously

submitted claims before processing any claims submitted after the date of this

Order.  Customs shall process such previously submitted claims (by generating both

the Payment Report and the Refund Report) in the order the claims were presented

to Customs.

Customs shall transmit Payment Reports and Refund Reports to the relevant

plaintiffs as they are prepared.  The court orders that all Payment Reports and

Refund Reports for claims submitted prior to the date of this Order shall be

completed as soon as possible, but in any event no later than 90 days after entry of

this Order.  Customs shall file a status report describing the disposition of such

claims 30 days after entry of this Order, and every 30 days thereafter until all

claims are processed.

> **c.    Claims Submitted to
>         Customs After the Date of this Order**

Customs shall process new claims submitted after the date of this Order in chronological order by date of filing of plaintiff's first complaint under 28 U.S.C. § 1581(a), not later than 120 days after submission to Customs.

## B.    Disputed Claims; Judicial Review

Any plaintiff wishing to dispute HMT payment information shown in Customs' Refund Report will have an opportunity to do so by submitting appropriate documentation to Customs supporting its claims for additional payments. On that basis Customs will attempt to resolve the dispute. Customs will then return a revised Refund Report to the plaintiff within 60 days after the documentation is submitted (time subject to adjustment by the court). Administrative review will resolve many disputes. If the revised Refund Report is satisfactory to the plaintiff, it will send a signed judgment, with Certification attached, to the Department of Justice for signature and filing with the court within 11 days of receipt.

If the dispute cannot be resolved administratively, the plaintiff may request judicial resolution by filing a proposed scheduling order with the court. Plaintiffs reserve the right to move for a severance of claims with respect to calendar quarters in dispute on the ground that litigation of disputed facts would unreasonably delay refund of undisputed amounts. The government reserves the right to oppose such a

motion for severance. Procedures established by this plan are not intended to apply to claims requiring judicial resolution and whatever substantive or procedural law is normally applicable will apply.

## C.    Resolution of Other Issues

The court is aware that the question whether pre-summons interest accrues on HMT refunds in Swisher-type cases has been raised as a prelude to litigation. The present case will serve as a test case to adjudicate that issue with respect to calendar quarters for which no HMT refund previously has been obtained. If it is finally determined that pre-summons interest is owing, the defendant will pay such interest to plaintiffs as provided by law in accordance with a schedule set by the court.

_____

Jane A. Restani
JUDGE

Dated:     New York, New York
           This _13th_ day of _March_ 2001.

Court No.

## HARBOR MAINTENANCE TAX PAYMENT REPORT

**A. To be completed by Customs:**

1. Name of Plaintiff (including all known variations):

2. Exporter Identification Number:

3. Quarterly Payments by Plaintiff

| Payment Quarter | Date Paid | Exporter Name | Amount Paid | Check Name |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Total Amount Paid: $

4. Refunds, If Any, Previously Made by Customs

| Payment Quarter | Date Paid | Exporter Name | Amount Refunded | Date Refunded |
|---|---|---|---|---|
|  |  |  |  |  |

Total Amount Refunded : $

**Thomas A. Smith**
**Director**
**Accounting Services Division**

Court No.

## HMT REFUND REPORT AND CERTIFICATION

A. To be completed by Customs:

1. Name of Plaintiff (including all known variations):

2. Exporter Identification Number:

3. Quarterly Payments by Plaintiff Supported by Documentation on File

| Payment Quarter | Date Paid | Exporter Name | Amount Paid | Check Name |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Total Amount Paid: $

4. Total Amount Due: $

—

_____

Thomas A. Smith
Director
Accounting Services Division


B. To be completed by plaintiff:

    I hereby certify on behalf of plaintiff that, to the best of my knowledge and belief, plaintiff paid the Harbor Maintenance Tax payments listed in number 3 and is entitled to a refund of those payments as listed in number 4.

_____

Authorized Representative of Plaintiff

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:    THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| *ABC CORP.*,                       ) <br><br>          Plaintiff,           ) <br><br>           v.                 ) <br><br> UNITED STATES,        ) <br>           Defendant.        ) | Court No(s). _____ |

## JUDGMENT

Pursuant to the procedures established by Order of the Court in Slip Op. 01 - ___, it is hereby agreed by counsel for the parties,

     (A)    Plaintiff, _____; and

     (B)    Defendant, the United States of America ("United States") that:

1.    The claims and refunds covered by this Judgment are claims in Court No(s). _____ (schedule attached), relating to payments of the Harbor Maintenance Tax (HMT) on exports.

2.    The court has jurisdiction under 28 U.S.C. § 1581(a).

3.     The amounts set forth on the attached HMT Refund Report and Certification were HMT payments for exports that plaintiff has certified were made and that have not previously been refunded.

4.     Plaintiff is entitled to refunds of the payments on the attached HMT Refund Report as provided by law in accordance with the decisions in *United States v. United States Shoe Corp.*, 118 S. Ct. 1290 (1998), and *Swisher International, Inc. v. United States*, 205 F.3d 1358 (Fed. Cir. 2000).

5.     Interest shall be paid to plaintiff as follows:

a.     Post-summons interest shall be paid on the refunded amounts pursuant to 28 U.S.C. § 2644.

b.     Pre-summons interest shall be paid on the refunded amounts as required by law in accordance with a schedule set by the court should trial or appellate court proceedings in any of the following cases finally resolve that such interest is owing on HMT payments:

(1)     Swisher International, Inc. v. United States, Court No. 95-03-00322;

(2)     International Business Machines Corp. v. United States, Court No. 94-10-00625;

(3)     Hohenberg Bros. Company v. United States, Court No. 96-09-02074;

(4)     Sony Electronics, Inc. v. United States, Court No. 98-07-02438;

2

(5)    United States Shoe Corp. v. United States,

Court No. 94-11-00668;

(6)    Arbon Steel and Service Co. v. United States,

Court No. 98-10-02787;

(7)    Eastman Chemical Company v. United States,

Court No. 95-04-00568.

6.    All other claims in this action are dismissed.

7.    Upon entry of judgment, plaintiff releases, waives, and abandons all claims against the defendant, its officers, agents, and assigns, arising out of all HMT export payments identified in the attached HMT Refund Report, including, but not limited to, all claims for costs, attorney fees, expenses, compensatory damages, and exemplary damages. Defendant releases, waives, and abandons all claims, other than fraud, that it may have against plaintiff, or its officers, agents, or employees arising out of all HMT export payments identified in the attached HMT Refund Report.

8.    Undersigned counsel for the United States and for plaintiff represent that they are authorized by the United States and plaintiff, respectively, to consent to this judgment form.

9.    The refund checks issued pursuant to this judgment covering the amounts addressed in paragraph 4 above shall be mailed to plaintiff within 30 days, care of the undersigned attorneys for plaintiff. The refund checks issued pursuant

3

to this judgment covering the amounts addressed in paragraph 5(a) above shall be mailed to plaintiff within 60 days, care of the undersigned attorneys for plaintiff.

10.    Each party will bear its own attorney fees, expenses and costs.

_____
Attorneys for Plaintiff

Date: _____

_____
Attorneys for Defendant

Date: _____

**SO ORDERED:**

_____
JANE A. RESTANI
Judge

4